IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRANS ENERGY, INC.,
a Nevada corporation,
PRIMA OIL COMPANY, INC.,
a Delaware corporation and
REPUBLIC PARTNERS VI, LP,
a Texas limited partnership,

   Plaintiffs,

v.             Civil Action No. 5:13CV93
                     (STAMP)

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

   Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS,
DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT,
DENYING AS MOOT MOTION TO FILE SURREPLY,
AND DIRECTING PARTIES TO CONDUCT LIMITED DISCOVERY**

I. Procedural History

   The plaintiffs, Trans Energy, Inc., Prima Oil Company, Inc., and Republic Partners VI, LP ("the plaintiffs"), filed a complaint in this Court based on diversity jurisdiction. The plaintiffs are seeking a declaratory judgment, based on several sub-claims, that they are the rightful titleholders to an oil and gas lease that covers land located in Wetzel County, West Virginia and thus are entitled to a quiet title declaration. In the alternative, the plaintiffs seek a declaration that they are the rightful titleholders based on a claim of adverse possession. The lease in

question is an 1892 lease executed by L.H. and J.S. Robinson (the "Robinson Lease").

These same plaintiffs, and the defendant in this case, EQT Production Company ("EQT"), were involved in a prior action in this Court, Trans Energy Inc. et al. v. EQT Production Co., No. 1:11CV75 (N.D. W. Va. 2011) ("Blackshere Lease action"). That action also involved an additional plaintiff, Republic Energy Ventures, LLC ("REV"). That case arose from the parties' competing claims of interest in the gas rights of a 3,800 acre plot of land located in Wetzel and Doddridge Counties, West Virginia ("Blackshere Lease"). This Court granted summary judgment to the plaintiffs based on a finding that Prima Oil Company, Inc. ("Prima") was a bona fide purchaser of the Blackshere Lease and that it was the rightful owner of both the oil and gas rights related to the Blackshere Lease. EQT then appealed that judgment to the United States Court of Appeals for the Fourth Circuit.

Before a final determination was made in the case on appeal, EQT filed a declaratory judgment action in the Circuit Court of Wetzel County, West Virginia that seeks a declaration of the rightful titleholder to the Robinson Lease ("the state court action"). The defendants in that action are the four plaintiffs from the Blackshere Lease action in this Court. The three plaintiffs then filed the instant action in this Court, seeking

declaratory judgment of the rights of the parties to the Robinson Lease at issue in the state court action.

Subsequently, a final disposition in the case on appeal was entered in the plaintiffs' favor.[1] However, the Fourth Circuit found that REV, a plaintiff in that action but not in this action, should be dismissed as a dispensable party so as to maintain diversity jurisdiction. After the mandate had been entered in that action, this Court implemented a briefing schedule for the parties to address the issue of preclusion. The parties followed that briefing schedule which resulted in plaintiffs' motion for summary judgment. The defendant also filed a motion for leave to file a surreply in conjunction with the plaintiffs' motion for summary judgment. Further, given that the scheduling order was still in place, the defendant filed a motion to dismiss in accordance with the deadlines. That scheduling order is now vacated.

## II. Facts

A. Defendant's Motion to Dismiss

In its motion to dismiss, the defendant first reviews information it has uncovered through its own investigation: (1) REV states on its website that it has initiated a joint venture with Trans Energy, Inc. in Wetzel County, West Virginia; (2) REV's senior management and directors are the same persons who are

---

[1] Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895 (4th Cir. 2014).

Republic Partner's original members and directors; and (3) Trans Energy and Prima assigned to Republic Partners a portion of the Robinson Lease in 2008 that was corrected on July 20, 2010 which the defendant asserts is connected to REV's registration with the Delaware Secretary of State on July 2, 2010. Based on that information, the defendant asserts that this Court lacks jurisdiction because REV is an indispensable party that should have been joined. The defendant supports this assertion with three arguments: (1) the Robinson Lease is property of the joint venture between REV and Trans Energy; (2) REV is merely an alter ego of Republic Partners; and (3) if the Robinson Lease is property of the joint venture, then the joint venture is an indispensable party.

The plaintiffs, in reply, have asked that this Court deny the motion to dismiss until after the motion for summary judgment is resolved. In the alternative, the plaintiffs request that this Court allow them more time to respond or set up a separate briefing schedule for the motion to dismiss.

In response, the defendant argues that pursuant to procedural rules it was required to file a responsive pleading when it did because this Court had previously stayed the action before the defendant could do so. Thus, the defendant asserts that it was required to file either an answer or motion to dismiss by the deadlines that had previously been set in the scheduling order. Further, the defendant contends that the plaintiffs have the burden

4

of proving that jurisdiction is proper in this Court and they have not done so, thus the motion should be granted. Finally, the defendant argues that the jurisdictional issue must be decided before the preclusion issue.

B.  <u>Plaintiffs' Motion for Summary Judgment</u>

In their motion for summary judgment, the plaintiffs contend that the only issue this Court needs to resolve is whether the current action is the same "cause of action" as the quiet title claim in the Blackshere Lease action. Further, the plaintiffs argue that the defendant is precluded from questioning this Court's jurisdiction under res judicata. The plaintiffs assert that the defendant has already litigated the citizenship of Republic Partners and thus, this issue should not be reopened. As to REV, the plaintiffs contend that the defendant is precluded from raising any jurisdictional issues with that party because the Fourth Circuit has already found that REV is a dispensable party because the defendant failed to show a "single, tangible way in which it will be harmed by REV's analysis." As such, because the defendant now tries to raise novel jurisdictional issues that it could have raised in the Fourth Circuit, the plaintiffs contend that it is precluded from doing so.

In response, the defendant first contends that summary judgment is inappropriate because more discovery needs to be conducted. Further, the defendant argues that discovery is needed

as to whether or not REV and Trans Energy entered into a joint venture together therefore defeating diversity jurisdiction.

The defendant then addresses the elements required for res judicata and collateral estoppel. As to the rendering of a verdict on the merits, the defendant contends that element is not met because the Fourth Circuit nor this Court had competent jurisdiction to make a decision on the merits based on the new information that REV had a joint venture with Trans Energy and REV's status as an alter ego of Republic Partners. As to the plaintiffs' argument that the defendant could have raised such arguments in the Blackshere Lease action, the defendant asserts that it could not because of the misrepresentations as to jurisdiction in this Court and the fact that discovery is not available on appeal and the plaintiffs again failed to disclose information as to REV.

In reply, the plaintiffs argue that the defendant had the opportunity to discover any such joint venture in the previous action and that such a joint venture is not proven by a simple assertion on a website unless such an assertion actually addressed a joint venture that involved title to any property. Further, the alter ego theory fails because the defendant could have raised it on appeal or in a writ of certiorari to the United States Supreme Court. The plaintiffs contend that it also fails because the defendant has offered no proof that there is no legitimate basis

for the separate existence of REV and Republic Partners, that Republic Partners was merely created to maintain jurisdiction before this Court, or that there is an element of injustice or unfairness.

C. <u>Motion to File Surreply</u>

In support of its motion to file a surreply, the defendant contends that the plaintiffs failed to raise any issues with the defendant's argument that REV and Trans Energy were in a joint venture together after the defendant raised it in its motion to dismiss. The defendant asserts that it would have had an opportunity to respond if the plaintiffs had raised it in opposition to the motion to dismiss rather than in a reply to the motion for summary judgment. In its surreply, the defendant argues that under West Virginia partnership law, even if title was not in the name of the joint venture, if it was purchased with partnership funds, it is property of the joint venture. Thus, the defendant contends that because it is the nonmoving party, this Court must view the evidence offered in the light most favorable to the defendant which would lead the Court to the conclusion that the property was purchased with joint assets.

For the reasons that follow, this Court finds that the defendant's motion to dismiss should be denied without prejudice and the plaintiffs' motion for summary judgment should be denied

7

without prejudice. Further, the defendant's motion to file a surreply is denied as moot.

III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 19 establishes a two-step inquiry to determine whether an action may continue without the joinder of additional parties. <u>Nat'l Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.</u>, 210 F.3d 246, 249 (4th Cir. 2000). The Court first must determine whether the absent party is "necessary" to the action. Fed. R. Civ. P. 19(a). A party may be "necessary" if in the party's absence, the court cannot accord complete relief among existing parties[,]" or if the party claims an interest relating to the action and disposing of the action in the party's absence would "impair or impede the person's ability to protect the interest" or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

If the party is in fact necessary, the Court must then determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19 outlines several factors for the Court to consider in determining whether a necessary party's absence warrants dismissal, including "the extent to which a judgment rendered in the person's absence might prejudice that person or the

8

existing parties," the available options for mitigating any prejudice, the adequacy of a judgment in the necessary party's absence, and "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Id.

"Dismissal of a case is a drastic remedy, however, which should be employed only sparingly." Nat'l Union Fire Ins., 210 F.3d at 250 (quoting Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999)). "In determining whether to dismiss a complaint, a court must proceed pragmatically, 'examin[ing] the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it.'" Id. The party moving for dismissal under Rule 12(b)(7) bears the burden of showing an absent party is indispensable. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).

IV. Discussion

In its motion to dismiss, the defendant uses phrases "upon information and belief," "very likely," and "appears to be" to describe its allegations that REV is an alter ego of Republic Partners and in a joint venture with Republic Partners and thus non-diverse. The defendant provides print-outs from websites and other non-conclusive facts based on the defendant's attempt to obtain discovery materials on this issue. The defendant requests that this Court dismiss this action based on those facts. However,

9

the defendant also requests, in the alternative, that this Court determine that there are insufficient facts before the Court to render the decision and provide an opportunity for limited jurisdictional discovery on the arguments and issues raised in the motion to dismiss.

Rule 12(b)(7) authorizes the Court to dismiss a case for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). A motion to dismiss under Rule 12(b)(7) may be made at any time. Fed. R. Civ. P. 12(h)(2). This is so because this Court must determine whether an action meets the requirements of Article III of the United States Constitution in order to maintain jurisdiction over an action. This Court must "resolve jurisdictional Article III standing issues before proceeding to consider the merits of a claim." United States v. Day, 700 F.3d 713, 721 (4th Cir. 2012) (citation omitted).

A stay of discovery is appropriate where a dispositive motion has the potential to dispose of the case on a certain issue without the need for discovery. Tilly v. United States, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003). However, where a party indicates that discovery is needed on such an issue and it appears to be relevant to the primary basis for the dispositive motion, the Court may, in its discretion, order discovery. Cleveland Const., Inc. v. Schenkel & Schultz Architects, P.A., No. 3:08-CV-407RJCDCK, 2009 WL 903564, at *2-3 (W.D.N.C. Mar. 31, 2009).

This Court must determine whether or not it has jurisdiction before it may consider the plaintiffs' preclusion claim. Thus, this Court must determine whether REV has a different relationship with Republic Partners regarding the Robinson Lease than the Blackshere Lease. The evidence provided by the defendant is inconclusive and insufficient to allow this Court to make such a determination at this time. Further, the defendant's request for discovery is relevant to the primary basis of the Rule 19 issue which could dispose of this case. As such, this Court finds that a limited discovery period of seventy-five (75) days should be undergone by the parties regarding the jurisdictional Rule 19 issue.

Accordingly, the defendant's motion to dismiss is denied in part without prejudice as to its request that this Court dismiss the complaint. Further, the motion to dismiss is granted in part as to the defendant's request that this Court allow a limited discovery period based on the jurisdictional issue. As such, this Court finds that the plaintiffs' motion for summary judgment should be denied without prejudice to be re-filed, if necessary, and considered by this Court after the motion to dismiss has been disposed of by this Court. Finally, the defendant's motion to file a surreply is denied as moot as this Court did not have to consider it at this time.

## V. Conclusion

Based on the analysis above, the defendant's motion to dismiss is DENIED IN PART WITHOUT PREJUDICE as to its request to dismiss the complaint and GRANTED IN PART as to its request for limited discovery. The plaintiffs' motion for summary judgment is DENIED WITHOUT PREJUDICE. The defendant's motion for leave to file surreply is DENIED AS MOOT.

The parties are DIRECTED to conduct limited discovery on the Rule 19 jurisdictional issue, to be completed by **June 1, 2015**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 17, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE