IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRANS ENERGY, INC.,
a Nevada corporation,
PRIMA OIL COMPANY, INC.,
a Delaware corporation, and
REPUBLIC PARTNERS VI, LP,
a Texas limited partnership,

        Plaintiffs,

v.                                  Civil Action No. 5:13CV93
                                             (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE
MAGISTRATE JUDGE'S DISCOVERY ORDER,
OVERRULING THE PARTIES' OBJECTIONS,
DENYING THE DEFENDANT'S MOTION FOR
LEAVE TO FILE MOTIONS TO COMPEL,
STAYING A DETERMINATION ON THE PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT,
GRANTING AS FRAMED THE DEFENDANT'S MOTION
FOR AN EXTENSION TO DISCOVERY,
LIFTING THE STAY OF DISCOVERY AND
ESTABLISHING A DISCOVERY AND BRIEFING SCHEDULE**

I.  Procedural History

The defendant EQT Production Company ("EQT") filed a motion to dismiss this civil action for failure to join as a plaintiff Republic Energy Ventures, LLC ("REV"). EQT argued that REV was an indispensable party because: (1) the plaintiffs' asserted rights in the Robinson Lease are actually held by a joint venture between Trans Energy and REV, meaning that the plaintiffs lack standing to bring this civil action; and (2) REV is the alter ego of plaintiff

Republic Partners VI, LP ("Republic Partners"). This Court denied EQT's motion without prejudice and ordered limited discovery on the issue of whether REV is an indispensable party.

EQT then filed a motion for an extension to discovery (ECF No. 58), arguing that plaintiffs Trans Energy, Inc. ("Trans Energy") and Prima Oil Company, Inc. ("Prima") had failed to adequately respond to a set of interrogatories, preventing EQT from preparing for depositions. EQT also filed motions to compel Trans Energy and Prima to respond to those interrogatories (ECF Nos. 60, 61), and served Republic Energy, Inc. ("REI"), with a subpoena duces tecum seeking information regarding any partnership between REI and Trans Energy as to the Robinson Lease. REI filed a motion to quash the subpoena (ECF No. 66). This Court referred these motions to Magistrate Judge James E. Seibert.

While the motions were pending before Magistrate Judge Seibert, EQT filed a motion for leave to file further motions to compel REV and Republic Partners (ECF No. 73). The plaintiffs then filed a motion for leave to amend the complaint (ECF No. 77). Magistrate Judge Seibert granted EQT's motions to compel Trans Energy and Prima to answer EQT's Interrogatory Nos. 3, 4, and 7, and granted REI's motion to quash. ECF No. 84. The plaintiffs then filed objections to the magistrate judge's decision regarding Interrogatory No. 7, and EQT filed objections regarding REI's motion to quash. This Court stayed discovery (ECF No. 68) and the

magistrate judge's discovery order (ECF No. 90) pending this Court's resolution of the parties' motions and objections.

## II. Discussion

A. The Magistrate Judge's Order

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

When a court orders limited discovery, Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to" the issues defined by the court for discovery. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court may protect a party from oppressive or unduly burdensome discovery requests. Fed. R. Civ. P. 26(c)(1). This Court reminds the parties that the Federal Rules of Civil Procedure have been amended effective December 1, 2015. In particular, the amended Rule 26 adds language stating that a party is entitled to discovery that is relevant to claims and defenses

<u>"proportional to the needs of the case," explicitly incorporating proportionality into the scope of discovery</u>.

    1.   <u>Interrogatory No. 3</u>

Magistrate Judge Seibert granted EQT's motion to compel Trans Energy and Prima to answer its Interrogatory No. 3. That interrogatory requests a list of persons or entities possessing an ownership interest in the Robinson Lease, the nature of their interest, when the interest was acquired, the consideration exchanged for the interest, and how the person became aware of the opportunity to obtain the interest. ECF No. 75-2 at 2, 8. The magistrate judge correctly concluded that this request was within the limited scope of discovery ordered by this Court because it could reasonably lead to evidence regarding REV's relationship with the plaintiffs concerning the Robinson Lease. This Court finds no error in the magistrate judge's conclusion.

    2.   <u>Interrogatory No. 4</u>

The magistrate judge granted EQT's motion to compel Trans Energy and Prima to answer its Interrogatory No. 4. That interrogatory requests a list of every person or entity that contributed anything of value for the acquisition of the Robinson Lease, the nature of the contribution, when it was made, the consideration exchanged for the contribution, and how the person or entity became aware of the opportunity to contribute. ECF No. 75-2 at 3, 9-10. Magistrate Judge Seibert correctly concluded that the

requested information was relevant to determining whether REV was involved in the plaintiffs' acquisition of the Robinson Lease. This Court finds no error in the magistrate judge's conclusion.

    3.    <u>Interrogatory No. 7</u>

Magistrate Judge Seibert ordered Trans Energy and Prima to answer EQT's Interrogatory No. 7. That interrogatory requests that Prima and Trans Energy identify any communications between them regarding the acquisition of the Robinson Lease and to state the substance of each communication. The plaintiffs object to the magistrate judge's order on this issue for two reasons. First, they argue that the information sought in this interrogatory is beyond the scope of the limited discovery regarding whether REV was involved in a joint venture with the plaintiffs and whether REV is the alter ego of Republic Partners. Second, the plaintiffs argue that the interrogatory is overly-broad and unduly burdensome because Prima is Trans Energy's subsidiary and they would not have separate communications regarding the Robinson Lease.

Any nonprivileged communication regard the plaintiffs' acquisition of the Robinson Lease is relevant to whether REV was involved in a joint venture to acquire the lease or if REV was acting as an alter ego of Republic Partners as it was participating in the lease acquisition. Furthermore, the burden of identifying and summarizing communications between Prima and Trans Energy regarding the acquisition of the lease is minimal because those

5

parties likely have thorough records of all such communications. If those communications exist, the plaintiffs may produce them without undue burden. This Court finds no error in the magistrate judge's conclusion. Therefore, Trans Energy and Prima must answer Interrogatory No. 7.

    4.   <u>REI's Motion to Quash</u>

Magistrate Judge Seibert granted REI's motion to quash as to EQT's request for (1) documents related to REI's corporate formation and general functions (Request Nos. 1-19, 28-31); (2) documents regarding any persons or entities possessing an ownership interest in the Robinson Lease and the nature of their interest (Request No. 20); (3) documents regarding any person or entity that contributed anything of value for the acquisition of the Robinson lease (Request No. 21); and (4) documents related to REI's relationship with the plaintiffs (Request Nos. 22-27, 32). Magistrate Judge Seibert concluded that this Court's limited discovery order allows discovery only on whether REV is an alter ego of Republic Partners, and whether REV was a partner to the joint venture to acquire the Robinson Lease. Therefore, he granted REI's motion to quash. EQT objected to only the magistrate judge's conclusions as to the first and fourth categories of requests.

First, because EQT did not object to the magistrate judge's conclusions regarding the second and third categories of requests, this Court reviews those conclusions for clear error. Magistrate

Judge Seibert concluded that those requests were cumulative and duplicative because they request from REI information identical to that requested of Trans Energy and Prima in EQT's Interrogatory Nos. 3 and 4. This Court finds no error in the magistrate judge's conclusion.

Second, EQT objected to the magistrate judge's conclusions regarding the first and fourth categories of requests. EQT argues that these requests are within the scope of the limited discovery order because the information sought confirms that REI was a party to the plaintiffs' joint venture to acquire the Robinson Lease, that REV is an alter ego of REI, and that both REV and REI would then be treated as partners of the joint venture, meaning that REV's domicile would defeat diversity jurisdiction.

However, this Court's grant of limited discovery clearly limited the scope of discovery to REV's relationship with the plaintiffs regarding the Robinson Lease. It did not extend discovery to the relationship of other non-parties to the plaintiffs. Because EQT's Request Nos. 22-27 and 32 seek information regarding REI's relationship with the plaintiffs regarding the Robinson Lease, those requests are outside the scope of the limited discovery granted by this Court. Thus, this Court adopts and affirms the magistrate judge's discovery order.

B.  EQT's Motion to Extend Discovery

EQT filed a motion to extend discovery by 45 days to allow it to obtain responses from the plaintiffs and to conduct depositions. Because this Court adopts and affirms Magistrate Judge Seibert's order, this Court finds that discovery should be extended to allow Trans Energy and Prima to answer EQT's Interrogatory Nos. 3, 4, and 7, and to allow EQT to conduct depositions. Trans Energy and Prima must provide answers to Interrogatory Nos. 3, 4, and 7 on or before February 12, 2016. EQT may then conduct one deposition for each plaintiff (preferably under Fed. R. Civ. P. 30(b)(6)) on or before March 4, 2016. These depositions shall pertain only to the relationship between REV and the plaintiffs regarding the Robinson Lease. Therefore, EQT's motion is granted as framed.

C.  EQT's Motion for Leave to File Additional Motions to Compel

While EQT's motions to compel Trans Energy and Prima's answers to its interrogatories and REI's motion to quash were pending before the magistrate judge, EQT filed a motion for leave to file additional motions to compel responses from REV and Republic Partners. Because this motion was filed while discovery was stayed, it is denied. However, this Court reminds the parties and REV that they have a duty to supplement their responses to discovery requests.

D.  Plaintiffs' Motion for Leave to Amend the Complaint

The plaintiffs seek to amend the complaint to drop their adverse possession claim, to add as a plaintiff American Shale Development, Inc., and to assert subject matter jurisdiction as ancillary to a prior civil action before this Court (Civil Action No. 1:11CV75). However, the issues of whether REV is an indispensable party and whether this Court has subject matter jurisdiction in this civil action must be resolved before this Court can consider the plaintiffs' motion. Therefore, the plaintiffs' motion for leave to amend the complaint is stayed, and will be considered by this Court along with any motion to dismiss for lack of subject matter jurisdiction.

## III.  Conclusion

The magistrate judge's order granting EQT Production Company's motions to compel and granting Republic Energy, Inc.'s motion to quash (ECF No. 84) is AFFIRMED and ADOPTED. Accordingly, EQT Production Company's motions to compel (ECF Nos. 60, 61) are GRANTED, Republic Energy Inc.'s motion to quash (ECF No. 66) is GRANTED, and the parties' objections to the magistrate judge's order (ECF Nos. 91, 92, 93) are OVERRULED. Further, EQT Production Company's motion for leave to file additional motions to compel (ECF No. 73) is DENIED, and the plaintiffs' motion for leave to amend the complaint (ECF No. 77) is STAYED. This Court's stay of discovery (ECF No. 68) is LIFTED, EQT Production Company's motion

for an extension of time to complete discovery (ECF No. 58) is GRANTED AS FRAMED, and it is ORDERED:

1. <u>Discovery</u>: All discovery as ordered by this Court in its previous order granting limited discovery (ECF No. 48) shall be fully served and completed by **March 4, 2016**. "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery ordered in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses.

2. <u>Depositions</u>: The defendant is permitted to conduct **one deposition** of each plaintiff regarding only Republic Energy Ventures, LLC's relationship with the plaintiffs as to the Robinson Lease. The parties shall conduct these depositions on or before the above discovery deadline. The parties may conduct additional depositions only by consent or with prior leave of this Court.

3. <u>Responses to the Defendant's Interrogatory Nos. 3, 4, and 7</u>: Plaintiffs Trans Energy, Inc. and Prima Oil Company, Inc. must respond to the defendants' Interrogatory Nos. 3, 4, and 7, in accordance with this order, on or before **February 12, 2016**.

4. <u>Briefing Schedule</u>: The defendant may file a motion to dismiss for lack of subject matter jurisdiction regarding the jurisdictional issues outlined by this Court's prior order (ECF No.

48) on or before **March 18, 2016**.  Any such motion must be supported by a memorandum at the time the motion is filed.  Memoranda in opposition to such motion filed on the above deadline date shall be filed with copies served upon opposing counsel on or before **April 1, 2016**.  If a motion has been filed before the above deadline date, opposing counsel is directed to comply with LR Civ P 7.02(b), which requires responses no later than 14 days after the date of service of the motion.  Any reply memoranda shall be filed with copies served upon opposing counsel on or before **April 8, 2016** or, if the response is filed prior to the above deadline date, within seven days from the date of service of the memorandum in response to the motion.  All dispositive motions unsupported by memoranda will be denied without prejudice.  The parties shall comply with LR Civ P 7.02 imposing a page limitation upon memoranda unless a motion to exceed the page limitation is granted.  See LR Civ P 7.02.

Factual assertions made in memoranda should be supported by specific references, including page or paragraph numbers, to affidavits, depositions, or other documents made a part of the record before this Court.  Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda.  The parties may refer to LR Civ P 7.02 for details on motion practice before this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     January 29, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE